IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LERON W. WILLIAMS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>CLAYTON'S HITCH SHOP AND  )<br>TRAILER REPAIR C/O C. MICHAEL  )<br>HAMILTON, individually and as the  )<br>potential owner of Hamilton's Towing,  )<br>  )<br>    Defendant.  )  | Civ. No. 19-098-CFC |

**MEMORANDUM**

1. **Introduction.** Plaintiff Leron W. Williams ("Plaintiff") commenced this civil rights action on January 17, 2019. (D.I. 2) He proceeds *pro se* and has been granted *in forma pauperis* status. (D.I. 4) Plaintiff filed this action alleging violations of 42 U.S.C. § 1981(a) and (c), 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. § 2000h-2. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

2. **Background.** It appears that a "friend" of Plaintiff used his 1999 Toyota Forerunner without his authorization, the vehicle was not returned, and Plaintiff reported it stolen. (D.I. 2 at 2) Plaintiff alleges this led to the actual theft of the vehicle. (*Id.*) Plaintiff explains that he was told that Defendant C. Michael Hamilton ("Hamilton") had towed the vehicle.[1] (D.I. 2 at 2) Plaintiff "went to see about paying to get it out after it

---

[1] Clayton's Hitch Shop and Trailer Repair ("Clayton's Hitch Shop") is the named defendant but it is not mentioned in the body of the Complaint.

1

was unlawfully stolen."[2] (*Id.*) He alleges that Hamilton was reluctant to give Plaintiff any meaningful information and it was obvious that Hamilton was "covering up" for an unnamed "local public safety entity." (*Id.*) Plaintiff alleges that Hamilton of Hamilton's Towing told Plaintiff that his vehicle was gone and sold as salvage in June 2018. (*Id.* at 3) Plaintiff alleges that as recently as January 2019, the State of Delaware Division of Motor vehicles states that the vehicle is still registered in Plaintiff's name. (*Id.*)

3. Plaintiff alleges that his rights have been violated due to the color of his skin under 42 U.S.C. §§ 1983, 1985(3), 1981(c), and 2000h-2. He alleges Hamilton and his unindicted (and unnamed) co-conspirator have caused him damages due to the gross negligence or theft of his vehicle. (*Id.* at 3) Plaintiff seeks compensatory and punitive damages as well as a lien on Hamilton's property. (*Id.*)

4. **Standard of Review.** A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When a plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

[2] There are no allegations that Plaintiff paid any fees for the release of his vehicle.

2

5. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

6. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

7. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

8. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the

elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

9. **Discussion**. Plaintiff asserts jurisdiction by reason of a federal question. As will be discussed, Complaint does not state federal claims and, therefore, the Court lacks jurisdiction under 28 U.S.C. § 1331. Plaintiff invokes 28 U.S.C. § 1343 that gives federal courts district jurisdiction over election disputes, but such a dispute is not before the Court. Finally, the parties are not diverse and, therefore, jurisdiction is not proper under 28 U.S.C. § 1332.

10. **42 U.S.C. § 1983**. Plaintiff's § 1983 claim fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations that Defendants are State actors.

11. **42 U.S.C. § 1985(3)**. Plaintiff alleges "a big conspiracy" and that Hamilton has a "role as a conspirator." (D.I. 2 at 1-2) Plaintiff alleges his rights have been violated due to the color of his skin. He alleges that Hamilton will not reveal what

4

happened to Plaintiff's vehicle and that Hamilton has "unlawfully sided with an agency or autocrats within racist Sussex County, Delaware . . . who have illegally did [sic] something with [his] . . . vehicle." (*Id.* at 3)

12. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

13. The allegations do not support a valid theory of liability. In one paragraph, Plaintiff alleges that Hamilton would not reveal what happened to Plaintiff's vehicle, while in another he alleges that Hamilton told Plaintiff the vehicle had been sold as salvage. (D.I. 2 at 3) Plaintiff alleges that Hamilton "sided" with an agency or autocrat who did something with Plaintiff's vehicle but this vague allegation does not implicate a violation of Plaintiff's rights. In addition, while Plaintiff uses the word "conspiracy" there are no allegations that there was an agreement to tow and then sell Plaintiff's vehicle as salvage due to the color or his skin. Moreover, the complaint does not allege when Plaintiff's "friend" took his vehicle, when Plaintiff discovered it was missing, when Plaintiff "went to see about paying to get it out", or if Plaintiff actually paid to have the vehicle released. The Court's experience and common sense, lead it to recognize that the Complaint does not state a facially plausible claim for relief under 42 U.S.C. § 1985(3). *See Iqbal*, 556 U.S. at 679.

14. **42 U.S.C. § 1981(a) and (c)**. Plaintiff invokes 42 U.S.C. § 1981. Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). Under the facts as alleged, the claim fails as a matter of law. Because there are no allegations of racial discrimination in the making and enforcement of contracts, the claim falls outside the primary reach and purpose of § 1981. Moreover, Plaintiff's bare allegations that that Plaintiff's civil rights were violated due to the color of his skin do not come close to alleging that he was deprived of the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white persons" and not subjected "to like punishment, pains, penalties, taxes, licenses and exactions of every kind." 42 U.S.C. § 1981. The claim is nothing more than an assertion.

15. **42 U.S.C. § 2000h-2**. Finally, Plaintiff invokes 42 U.S.C. § 2000h-2. Section 2000h-2 does not create an independent federal claim; it merely allows the United States Attorney General to intervene in a civil rights action if the matter is of general public importance. *See Sayman v. National Evaluation Sys., Inc.*, 2002 WL 598519, at *1 (N.D. Ill. Apr. 17, 2002).

16. **Conclusion**. For the above reasons, the Court will dismiss the Complaint for lack of jurisdiction and as legally frivolous pursuant to U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

May 30, 2019
Wilmington, Delaware